UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., by and through his Guardian ad Litem ARASELI SMITH,<br><br>Plaintiff,<br><br>v.<br><br>MANTECA UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | No. 2:26-cv-01189-DJC-SCR<br><br>ORDER |

Plaintiff, a minor who in 2023 was a kindergarten student at Joshua Cowell Elementary School in the Manteca Unified School District ("MUSD"), brings eight claims against Defendants based on allegations of physical abuse by educators and other school employees.

Pending before the Court is Defendant Soliant Health, LLC (dba ProCare Therapy) ("ProCare")'s Motion to Dismiss (ECF No. 16) Plaintiff's claims against ProCare under Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act), and California Education Code Section 220 ("section 220"). Defendant argues that it cannot be liable under any of Plaintiff's theories. (Mot. (ECF No. 16) at 4,7,8.)

For the reasons below, Defendant's Motion to Dismiss is granted in part, and denied in part, with Plaintiff granted leave to amend.

**BACKGROUND**

Plaintiff is a child who has been diagnosed with Autism Spectrum Disorder and who attended kindergarten at Joshua Cowell Elementary School in the MUSD. (Compl. (ECF No. 1) at ¶¶ 16,18.) Plaintiff claims that in October 2024, Sharafin Rhaman, a paraeducational aide subcontracted to Manteca Unified School district through ProCare, "repeatedly grabbed and restrained [Plaintiff] during school dismissal" "despite the absence of any emergency or imminent threat." (Compl. at ¶ 20.) Plaintiff alleges that Defendant ProCare, Ms. Rhaman's employer, was a corporation providing the district with "educational and behavioral support services," (Compl. at ¶ 57), and "acted as a contractor, agent and/or instrumentality through which MUSD provided educational and behavioral services." (Compl. at ¶ 8.)

Defendant does not dispute Plaintiff's factual allegations regarding Ms. Rhaman's conduct. Rather, Defendant argues that, as a private corporation, it cannot be liable under Title II of the ADA as a matter of law, that it is not liable under Section 504 of the Rehabilitation Act because it does not receive federal financial assistance, and that it cannot be liable under California Education Code Section 220 because it is not an educational institution. (Mot. at 4,7,8.) Defendant's Motion to Dismiss is fully briefed. (Mot., Opp'n (ECF No. 20); Reply (ECF No. 22).) The Motion is taken under submission without oral argument pursuant to Local Rule 230(g).

**LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & County of*

*San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

## DISCUSSION

### I. Violation of Title II of the ADA

In order to state a claim under Title II of the ADA, a plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007). The ADA defines a "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority . . . ." 42 U.S.C. § 12131.

Defendant ProCare does not dispute that Plaintiff meets the statutory requirements for ADA protection, or that the alleged acts took place within a public

entity's service or program. Rather, Defendant ProCare argues that, because it is a private corporation, it is not a "public entity" and therefore is not liable under Title II of the ADA as a matter of law. Plaintiff argues that although Defendant ProCare is a private corporation, Defendant acts as an "instrumentality" of MUSD, bringing Defendant into the statute's ambit. (*See* Compl. at ¶¶ 8, 46.)

The Court agrees with Defendant. The Ninth Circuit has held that Title II of the ADA only applies to public entities. *Zimmerman v. Oregon Dept. of Just.,* 170 F.3d 1169, 1180 (9th Cir. 1999) ("Congress did not make private entities subject to Title II[.]"). And while the Ninth Circuit has not directly addressed whether private corporations which <u>contract</u> with public entities may be liable as "instrumentalities" under Title II of the ADA, the balance of persuasive authority from other courts has found such private contractors not to be liable on this basis. *See, e.g. Wilkins-Jones v. Cnty. of Alameda,* 859 F. Supp. 2d 1039 (N.D. Cal. Mar. 14, 2012); *Edison v. Douberly,* 604 F.3d 1307 (11th Cir. 2010) (collecting cases).

Some courts have found, primarily in the prison context, that certain private entities may perform such core governmental functions that they may be considered "instrumentalities" of the government for purposes of Title II of the ADA. *See Gutierrez v. Valdez,* No. 09-cv-00464, 2010 WL 529493 at *2-3 (D. Idaho Feb. 9, 2010) (finding that, "liberally construed," a prisoner's complaint stated a Title II ADA claim against the corporation operating the private prison where the prisoner was incarcerated); *McNally v. Prison Health Services,* 46 F. Supp. 2d 49, 58 (D. Me. 1999) (considering a contractor's prescription service and "disposition of HIV-positive prisoners' requests for their medication" a "program or service" of a county jail). However, Plaintiff has not met his burden to establish that Defendant ProCare fits this mold. Besides facially asserting that Defendant "ProCare acted as a contractor, agent, and/or instrumentality through which MUSD provided educational and behavioral services," and that Defendant ProCare "perform[ed] public educational functions on behalf of MUSD," (Compl. at ¶¶ 8, 46.), Plaintiff does not allege further facts about the

nature of the services that Defendant ProCare provides, or the degree to which Defendant ProCare is involved in the provision of educational and behavioral services on MUSD's behalf. As such, the Court cannot at this stage draw a reasonable inference that Defendant operates as an "instrumentality" of MUSD.

Defendant's motion to dismiss this claim is GRANTED. However, because some courts have found private entities to be government instrumentalities based on very specific facts, it is not clear that further amendment would be futile and Plaintiff is accordingly granted leave to amend.

## II. Violation of Section 504 of the Rehabilitation Act

To state a claim under the Rehabilitation Act, a plaintiff must allege (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. *O'Guinn,* 502 F.3d at 1060. For Plaintiff to meet this last prong against Defendant ProCare, Plaintiff must adequately allege that Defendant ProCare "affirmatively chose to receive federal monies," *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 909 (9th Cir. 2013), and that Defendant ProCare was an intended recipient of such funds. *See Smith v. Tobinworld,* No. 16-cv-01676, 2016 WL 3519244 at *5 (N.D. Cal. June 28, 2016) (citing *U.S. Dept. of Transp. v. Paralyzed Veterans of Am.,* 477 U.S. 597 (1986)). However, "[f]ederal financial assistance can be direct or indirect." *Herman v. United Bhd. of Carpenters*, 60 F.3d 1375, 1381 (9th Cir. 1995). And when determining whether a particular program is subject to civil rights laws such as the Rehabilitation Act, courts may "reference …the statutory authority for the particular disbursement at issue[.]" to discern whether the program was an intended recipient of federal funds. *Jacobson v. Delta Airlines, Inc.,* 742 F.2d 1202 (9th Cir. 1984).

While Defendant disputes that Plaintiff has met their burden to allege that ProCare affirmatively chose to receive federal financial assistance, (Mot. at 7-8.), the Court disagrees. Plaintiff asserts that Defendant ProCare "acted as a contractor,

agent, and/or instrumentality of MUSD in the provision of educational and behavioral support services funded in whole or in part with federal financial assistance." (Compl. at ¶ 57.) Further, Plaintiff's pleadings allege both a statutory authority under which Defendant ProCare may have received this federal financial assistance, as well as facts which plausibly support an inference that Defendant ProCare affirmatively chose to receive the funds. Plaintiff points to the Individuals with Disabilities Education Act ("IDEA") as the statutory source of Defendant's potential federal funding, explaining that IDEA provides funding to states to provide special education services to students. (Opp'n at 4.) Defendant does not dispute that MUSD may receive funds from IDEA, or that IDEA permits its funding to be used by school districts to contract with third parties to provide special educational services, although Defendant disputes that Defendant ProCare in particular was an intended recipient of such funds. (*See* Opp'n at 4; Reply at 3-5.) While Plaintiff's allegations do not explicitly establish that Defendant ProCare affirmatively chose to receive federal funds intended for their services, Plaintiff's factual allegations, taken together, support a reasonable inference that Defendant ProCare indirectly received federal financial assistance within the meaning of Section 504 of the Rehabilitation Act. While Defendant may ultimately demonstrate that they did not receive any such federal financial assistance, Plaintiff's allegations are sufficient at this stage of the proceedings to support their Rehabilitation Act claim.

Accordingly, Defendant's motion to dismiss Plaintiff's claim under Section 504 of the Rehabilitation Act is DENIED.

**III. Violation of California Education Code Section 220**

Section 220 prohibits discrimination based on protected characteristics in any "program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid." Cal. Educ. Code § 220. For purposes of the chapter containing section 220, a "educational institution" is defined as "a public or private preschool, elementary, or

secondary school or institution; the governing board of a school district; or any combination of school districts or counties recognized as the administrative agency for public elementary or secondary schools." Cal. Educ. Code § 210.3.

Defendant ProCare argues that, as a private corporation, it is not an educational institution within the meaning of the statute. (Mot. at 8.) Here, the Court notes that neither party's pleadings describe Defendant ProCare's business with any specificity. Defendant's pleadings refer to ProCare as a "private staffing contractor[]" while Plaintiff simply alleges that "ProCare acted as a contractor, agent and/or instrumentality through which MUSD provided educational and behavioral services." (Reply at 5; Compl. at ¶ 8.)

Imprecision aside, however, Plaintiff does not dispute that Defendant ProCare is not an educational institution within the meaning of California Education Code section 210.3. (*See* Opp'n at 6-7.) Rather, Plaintiff argues that the plain text of section 220 does not limit liability to educational institutions, and that Defendant is liable because "ProCare participated in the operation of a state-funded educational program in which the challenged discrimination occurred." (Opp'n at 7.)

While at first glance the plain text of section 220 does not explicitly limit liability to educational institutions, this Court and other courts' rulings and explanatory descriptions of section 220 in its statutory context indicate that liability under section 220 is, in fact, limited to educational institutions. The California Court of Appeals, writing about the "extensive array of antidiscrimination statutes applicable to any <u>educational institution</u>, public or private, that receives any form of state funding," cites section 220 to explain that the education code's anti-discrimination provisions "apply to any <u>school</u> 'that receives, or benefits from, state financial assistance, or enrolls pupils who receive state student financial aid,'" *Brennon B. v. Superior Ct.*, 57 Cal. App. 5th 367, 393 (2020) (emphasis added). *See also, Stark v. Guiding Hands Sch., Inc.,* No. 2:20-cv-00635, 2026 WL 1133582 at *2 (E.D. Cal. Apr. 27, 2026) ("Section 220 prohibits discrimination by educational institutions on the basis of a protected

characteristic,"); *Doe v. Lassen Cmty. Coll. Dist.*, No. 07-cv-01521, 2007 WL 4623042, at *3 (E.D. Cal. Dec. 28, 2007) ("Review of the entire code illuminates the fact that the code only applies to 'Educational Institution'"). The Court thus finds that Plaintiff has not alleged sufficient facts to establish that Defendant ProCare is an educational institution, and that Plaintiff's section 220 claim against Defendant ProCare must be dismissed. However, as it is not yet apparent based on both parties' imprecise factual allegations regarding the nature of Defendant ProCare's business and services rendered that further amendment would be futile, Plaintiff is granted leave to amend.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Defendant ProCare's Motion to Dismiss (ECF No. 16) is GRANTED IN PART and DENIED IN PART.
    a. Defendant ProCare's Motion to Dismiss (ECF No. 16) is GRANTED with leave to amend as to Plaintiff's Second and Sixth Causes of Action.
    b. Defendant ProCare's Motion to Dismiss (ECF No. 16) is DENIED as to Plaintiff's Third Cause of Action.
2. Plaintiff is granted leave to amend his complaint. Any amended complaint must be filed within twenty-one days of this Order.
3. The motion hearing set for August 27, 2026 is VACATED.

IT IS SO ORDERED.

Dated: **August 21, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – Manteca26cv01189.mtd